# Exhibit A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| | | |
|---|---|---|
| In re Application of AGFA-GEVAERT NV | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding | ) ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Roland Berger Strategy Consultants LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached schedule.

| Place: Todd & Weld LLP, One Federal Street, Boston, MA 02110 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Agfa-Gevaert NV
_____ , who issues or requests this subpoena, are:

Nicholas Carter, One Federal Street, Boston, MA 02110, ncarter@toddweld.com, 617-720-2626

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE TO SUBPOENA TO
ROLAND BERGER STRATEGY CONSULTANTS LLC**

Agfa-Gevaert NV (the "Applicant") hereby requests that Roland Berger Strategy Consultants LLC produce the following documents responsive to this subpoena, pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, by _____, 2014.

**DEFINITIONS**

1.      The Applicant incorporates by reference herein the Uniform Definitions in Discovery Requests set out in Rule 26.5(c) of the Local Rules of the United States District Court for the District of Massachusetts (the "Local Civil Rules").

2.      "Roland Berger," "You," and "Your" means Roland Berger Strategy Consultants LLC and each of its divisions, subsidiaries, affiliates, controlled entities, joint ventures, related companies, predecessors, successors, assigns, present and former officers, directors, employees, agents, attorneys, accountants, and representatives of any of the entities listed above, and any other person who currently or formerly acted or purported to act on behalf, or who are or have been subject to the direction or control of, any of the entities listed above.

3.      "All," "any," or "each" means any and all.

4.      "Arbitrations" means the series of arbitration proceedings under the auspices of the International Chamber of Commerce's International Court of Arbitration that were commenced by Dr. Andreas Ringstmeier in his capacity as insolvency administrator over the estate of AgfaPhoto GmbH.

5.      "Evidence," "refer," "relate to, "evidencing," "referring," or "relating to" any given subject means all documents which assess, concern, constitute, contain, describe, discuss, embody, evidence, identify, record, reflect, regard, show, state, or refer or relate, directly or indirectly, in any way, to the subject matter identified.

6.      "Mr. Falckenberg" means Max Falckenberg, the former partner at Roland Berger who prepared an expert report for use in connection with the Arbitrations.

7.      "Professor Dr. Haarmann" means Professor Doctor Wilhelm Haarmann and all entities with which he was associated as a partner or controlling shareholder since October 1, 2010, including but not limited to Haarmann Partnerschaftsgesellschaft and Linklaters LLP, and, with respect to such entities, each division, subsidiary, affiliate, controlled entity, joint venture, related company, predecessor, successor, assign, present and former officer, director, employee, agent, attorney, accountant, and representative of any of such entity, and any other person who currently or formerly acted or purported to act on behalf, or who are or have been subject to the direction or control of, Professor Dr. Haarmann or any of the entities listed above.

## **INSTRUCTIONS**

1.      In addition to following the rules of construction in Rule 26.5 of the Local Civil Rules, whenever necessary to bring within the scope of this subpoena Documents that might otherwise be construed to be outside its scope: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses, (b) the use of the feminine, masculine or neuter genders shall include all genders, and (c) the use of the singular form of any word includes the plural and vice versa.

2.      No paragraph herein shall be construed with reference to any other paragraph for the purpose of limitation.

3.      Unless otherwise indicated, the relevant time period for purposes of these requests is October 1, 2010, through September 4, 2012.

4.      In responding to this subpoena, You shall produce all responsive Documents that are in Your possession, custody or control or in the possession, custody or

control of any other person or entity to whom You have given or entrusted them. A Document shall be deemed to be within Your control if You have the right or practical ability to secure the Document or a copy of the Document from another person or entity having possession or custody of the Document.

5.      All Documents shall be produced in the manner in which they are maintained in the usual course of business. A request for a Document shall be deemed to include a request for any and all file folders or binders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

6.      All Documents containing responsive material shall be produced in their entirety, along with any transmittal sheets, cover letters, exhibits, enclosures, attachments, drafts, and non-identical copies, including without limitation copies that differ due to handwritten notes or other notes or markings.

7.      Provide all ESI in the manner specified in Ru1e 34(b)(2)(E) of the Federal Ru1es of Civil Procedure.

8.      In the event You withhold any document called for by this subpoena on the basis of a claim of privilege, You shall provide the information required by Rule 34.1 of the Local Civil Rules.

9.      If part of an otherwise responsive Document contains information that is subject to a claim of privilege, those parts  of the document subject to the claim of privilege shall be deleted or redacted from the Document, the deleted or redacted parts shall be clearly marked as such, and the rest of the Document shall be produced.

10.      In the event that You contend that a particular request, or definition or instruction applicable thereto, is ambiguous, You shall set forth in a written response the

3

allegedly ambiguous language and the interpretation of that language that You have adopted in responding to the request in question.

11.     In the event that any Document called for by this subpoena has been destroyed or discarded, You shall provide a written document identifying the Document so lost, discarded, or destroyed as completely as possible, providing at least the following information: (i) the type of Document withheld; (ii) any addressor and addressee; (ii) any indicated or blind copy recipients; (iii) the Document's date, subject matter, number of pages, and attachments or appendices; (iv) all persons to whom the Document was distributed, shown or explained; (v) the Document's date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; and (vi) the persons authorizing and carrying out such destruction or discard.

## DOCUMENTS REQUESTED

1.     All Documents evidencing any Communications between Mr. Falckenberg or Roland Berger and Professor Dr. Haarmann.

2.     All Documents evidencing any Communications between Mr. Falckenberg or Roland Berger and Professor Dr. Haarmann, or between any entities or individuals listed in the definition of "Roland Berger" above, between January 1, 2005 and September 4, 2012 relating to the participation of Prof. Dr. Roland Berger or Roland Berger at any event organized or hosted by Professor Dr. Haarmann, including any event organized in connection with the Davos World Economic Forum.