Exhibit 24



## Beraterprofil



### Stephan Vollenweider
lic. oec. HSG, dipl. Wirtschaftsprüfer

Partner
Leiter Wirtschaftsberatung

## Werdegang
- 1990 Abschluss Studium Betriebswirtschaft Universität St. Gallen HSG
- 1990 Mitarbeiter in der Abteilung Corporate Controlling bei Landis & Gyr Management AG, Zug
- 1993 Eintritt bei Balmer-Etienne AG
- 1996 dipl. Wirtschaftsprüfer
- 2001 CFO bei Smith & Nephew Orthopaedics AG, Rotkreuz (ehemals Plus Orthopedics AG) und Mitglied der Konzernleitung
- 2008 Wiedereintritt als Mitglied der Geschäftsleitung und Leiter Wirtschaftsberatung bei Balmer-Etienne AG

## Beratungsschwerpunkte
- Unterstützung Finanz- und Businesspläne
- Projektbegleitung und Beratung bei Kauf und Verkauf von Unternehmungen
- Unternehmensbewertung
- Due diligence
- Management Coaching (Unterstützung Geschäftsleitung / VR)
- Gerichtsexpertisen / Gutachten
- Beratung öffentliche Hand



## Beraterprofil



**Roland Furger**
lic. oec., dipl. Wirtschaftsprüfer
Zugelassener Revisionsexperte

Partner
Leiter Wirtschaftsprüfung Luzern

## Werdegang
- 1990 Abschluss Studium Betriebswirtschaft Uni Zürich
- 1990 Revisor und Berater bei KPMG mit Schwergewicht Dienstleistungsgesellschaften, Banken, Vorsorgeeinrichtungen
- 1998 Eintritt bei Balmer-Etienne AG
- Gruppenleitung Firmenkunden
- Fachbereichsleiter Wirtschaftsprüfung
- Seit 2003 Partner der Balmer-Etienne-Gruppe

## Beratungsschwerpunkte
- Mandatspartner für mittelgrosse und grosse Firmenkundenmandate; Prüfung und Beratung dieser Kunden
- Beratung Rechnungslegung und Konzernrechnung
- Prüfung von Krankenkassen und Arbeitslosenkassen und sonstige Versicherungen
- Prüfung und Beratung von Vorsorgeeinrichtungen
- Zulassung der FINMA als leitender Revisor für Versicherungsmandate
- Ausführen von unabhängigen Gutachten für Gerichte und Staatsanwaltschaften
- Prüfungsexperte bei der Treuhand-Kammer für dipl. Wirtschaftsprüfer



## Beraterprofil



**Sabrina Cabiddu**

Bachelor of Science in Betriebsökonomie

Handlungsbevollmächtigte
Wirtschaftsberatung

## Werdegang

- 2001 Primarlehrdiplom
- 2003 Abschluss Grundstudium in Psychologie Universität Bern
- 2008 Abschluss BSc Betriebsökonomie HSLU
- 3.5 Jahre praktische Erfahrungen in der Vermögensverwaltung bei der Weibel Hess & Partner AG, Stans
- 2012 Eintritt bei Balmer-Etienne AG

## Beratungsschwerpunkte

- Unterstützung Finanz- und Businesspläne
- Projektbegleitung und Beratung bei Kauf und Verkauf von Unternehmungen
- Unternehmensbewertung
- Due diligence
- Gerichtsexpertisen / Gutachten
- Umstrukturierungen und Nachfolgeregelungen

## UNABHÄNGIGKEITSERKLÄRUNG
## UND VERTRAULICHKEITSVEREINBARUNG
## FÜR EINEN GUTACHTER DES SCHIEDSGERICHTS

**Das Schiedsgericht**
Dr. Georg von Segesser, Vorsitzender
Dr. Arndt Overlack und Univ.-Prof. Dr. Paul Oberhammer, Mitschiedsrichter
Dr. Andrea Meier, juristische Sekretärin

im ICC-Verfahren Nr. **15362/JHN/GFG**
in Sachen

**Dr. Andreas Ringstmeier,**
in seiner Eigenschaft als Insolvenzverwalter über das Vermögen der
**AgfaPhoto GmbH i.L.,**
Brückenstrasse 21, DISCH-Haus
50667 Köln
Deutschland

**Kläger**

vertreten durch
Prof. Dr. Siegfried H. Elsing, Orrick, Herrington & Sutcliffe LLP,
Heinrich-Heine-Allee 12, 40213 Düsseldorf, Deutschland
sowie
Dr. Benedikt Burger, Orrick, Herrington & Sutcliffe LLP,
Friedrichstrasse 31, 60323 Frankfurt am Main, Deutschland

gegen

**Agfa-Gevaert N.V. & Co. KG,**
Kaiser-Wilhelm-Allee 1, 51373 Leverkusen, Deutschland

**Beklagte 1**

**Agfa-Gevaert Healthcare GmbH,**
Tegernseer Landstrasse 161, 81539 München, Deutschland

**Beklagte 2**

**Agfa-Gevaert Graphics Systems GmbH,**
Kasteler Strasse 45, 65203 Wiesbaden, Deutschland

**Beklagte 3**

**Agfa-Gevaert N.V.,**
Septestraat 27, 2640 Mortsel, Belgien

**Beklagte 4**

alle vertreten durch
Robert T. Greig und Aren Goldsmith, Cleary Gottlieb Steen & Hamilton LLP,
12, rue de Tilsitt, 75008 Paris, Frankreich
sowie
Thomas Buhl, Larry Work-Dembowski, Annett Rombach,
Cleary Gottlieb Steen & Hamilton LLP, Main Tower,
Neue Mainzer Strasse 52, 60311 Frankfurt am Main, Deutschland

ICC-Verfahren Nr. 15362/JHN/GFG
Unabhängigkeitserklärung und Vertraulichkeitsvereinbarung für einen Gutachter des Schiedsgerichts

Ich, **Stephan Vollenweider**, Balmer-Etienne AG, Kauffmannweg 4, 6003 Luzern, Schweiz, erkläre was folgt:

1. Ich wurde vom Schiedsgericht im Hinblick auf eine mögliche Ernennung durch das Schiedsgericht als unabhängiger Gutachter ("Gutachter") im ICC Schiedsverfahren Nr. 15362/JHN/GFG kontaktiert.

2. Ich bin von allen Parteien dieses Schiedsverfahrens und von allen drei Schiedsrichtern * unabhängig und beabsichtige, dies zu bleiben; nach meinem besten Wissen existieren weder vergangene noch gegenwärtige Tatsachen oder Umstände, welche offengelegt werden müssen, da sie meine Unabhängigkeit in den Augen der Parteien oder des Schiedsgerichts in Frage stellen können.

3. Ich habe die "IBA Guidelines on Conflicts of Interest in International Arbitration" gelesen und verstanden, und ich bin damit einverstanden, an diese gebunden zu sein.

4. Ich habe den Entwurf des Auftrages an den Gutachter des Schiedsgerichts ("Gutachterauftrag") gelesen und verstanden.

5. Ich anerkenne, dass das Schiedsgericht und die Parteien dieses Schiedsverfahrens die ausdrücklich beabsichtigten Begünstigten der Verpflichtungen sind, welche ich in dieser Vertraulichkeitsvereinbarung eingehe.

6. Ich bestätige mein Verständnis, dass ich möglicherweise Zugang zu Dokumenten, welche als vertraulich bezeichnet werden ("Dokumente"), und zu gewissen Informationen im Eigentum von Parteien dieses Schiedsverfahrens oder von Einheiten, welche mit den Parteien zusammenarbeiten ("Informationen"), erhalten werde und dass dieser Zugang gemäss den Bestimmungen, Voraussetzungen und Einschränkungen des Gutachterauftrags und dieser Vertraulichkeitsvereinbarung zu erfolgen hat. Die Beschränkungen gemäss dieser Vertaulichkeitsvereinbarung hinsichtlich der Verwendung und Offenbarung von zur Verfügung gestellten Dokumenten und Informationen gelten auch für alle Mitarbeiter und Geschäftsführer der Balmer-Etienne AG, die mich bei der Erfüllung meiner Pflichten als Gutachter unterstützen.

7. Während der Erfüllung meiner Verpflichtungen als Gutachter erkläre ich mich damit einverstanden:

   (i) die Dokumente nicht preiszugeben und die Informationen nicht für irgendwelche andere Zwecke als die Erfüllung meiner Pflichten unter dem Gutachterauftrag und dieser Vertraulichkeitsvereinbarung zu verwenden;

   (ii) die Dokumente und Informationen an niemand anderen als das Schiedsgericht und nur zum Zwecke der Erstellung meines Gutachtens in diesem Schiedsverfahren in Übereinstimmung mit dem Gutachterauftrag und dieser Vertraulichkeits-vereinbarung preiszugeben und/oder zur Verfügung zu stellen;

\* Die Balmer Etienne AG ist Revisionsstelle der Schellenberg Wittmer AG in Zürich. Stephan Vollenweider ist jedoch nicht auf diesem Mandat tätig.

ICC-Verfahren Nr. 15362/JHN/GFG
Unabhängigkeitserklärung und Vertraulichkeitsvereinbarung für einen Gutachter des Schiedsgerichts

(iii) meine Erwägungen und Ergebnisse wie auch alle resultierenden Empfehlungen an niemand anderen als das Schiedsgericht in Übereinstimmung mit dem Gutachterauftrag und dieser Vertraulichkeitsvereinbarung zu kommunizieren;

(iv) alle gebotenen Massnahmen zu ergreifen, um den Schutz aller Dokumente und Informationen vor einer im Rahmen dieser Vertraulichkeitsvereinbarung nicht erlaubten Offenbarung zu gewährleisten und sicherzustellen, dass alle Mitarbeiter und Geschäfts führer der Balmer-Etienne AG, die Zugang zu diesen Dokumenten und/oder Informationen erhalten, alle gebotenen Massnahmen ergreifen, um den Schutz aller Dokumente und Informationen vor einer im Rahmen dieser Vertraulichkeitsvereinbarung nicht erlaubten Offenbarung zu gewährleisten;

(v) entweder (a) alle in meinem Besitz oder im Besitz der Balmer-Etienne AG befindlichen Dokumente und Informationen nach Erfüllung meiner Verpflichtungen als Gutachter an das Schiedsgericht zurückzugeben oder (b) die Vernichtung aller in meinem Besitz oder im Besitz der Balmer-Etienne AG befindlichen Dokumente und Informationen nach Erfüllung meiner Verpflichtungen als Gutachter sicherzustellen und dem Schiedsgericht eine schriftliche Bestätigung einer solchen Vernichtung vorzulegen. Das Recht der Mitarbeiter und Geschäftsführer der Balmer-Etienne AG, Arbeitsunterlagen gemäss den Regeln und allgemein anerkannten Grundsätzen ihres Berufsstandes aufzubewahren, bleibt hiervon unberührt;

(vi) sicherzustellen, dass alle Mitarbeiter und Geschäftsführer der Balmer-Etienne AG sämtliche Rechtsvorschriften befolgen, die den Handel mit Anteilen oder Wertpapieren der Agfa-Gevaert N.V., einem börsennotierten Unternehmen, beschränken und die aufgrund der Tatsache, dass ich Zugriff auf Dokumente und Informationen erhalten werde, ggf. Anwendung finden.

8.    Die im vorstehenden Absatz 7 festgelegte Geheimhaltungspflicht sowie das Verwendungsverbot in Bezug auf ein Dokument oder eine Information finden keine Anwendung, falls und soweit ich nachweisen kann, dass das betreffende Dokument oder die betreffende Information vor der Offenbarung oder Verwendung durch mich oder einen Mitarbeiter oder Geschäftsführer der Balmer-Etienne AG (a) ohne mein Verschulden oder das Verschulden eines Mitarbeiters oder Geschäftsführers der Balmer-Etienne AG öffentlich bekannt war und (b) weder unmittelbar noch mittelbar über eine Partei oder einen Zeugen in diesen Verfahren oder über eine sonstige Quelle zu meiner Kenntnis oder der Kenntnis eines Mitarbeiters oder Geschäftsführers der Balmer-Etienne AG gelangt ist, hinsichtlich derer mir oder einem Mitarbeiter oder Geschäftsführer der Balmer-Etienne AG Balmer-Etienne AG bewusst war oder hätte bewusst sein müssen, dass das betreffende Dokument oder die betreffende Information einer Geheimhaltungspflicht und einem Verwendungsverbot unterliegt.

9.    Ich bin mir bewusst, dass ich auf dem ordentlichen Rechtsweg belangt werden kann, wenn ich die Bestimmungen dieser Vertraulichkeitsvereinbarung oder des Gutachterauftrags verletze.

10.    Diese Vereinbarung unterliegt deutschem Recht.

ICC-Verfahren Nr. 15362/JHN/GFG
Unabhängigkeitserklärung und Vertraulichkeitsvereinbarung für einen Gutachter des Schiedsgerichts

Luzern,    25. August 2014

_____

Ort und Datum

Unterschrift

Stephan Vollenweiderr

_____

Name in Blockschrift

**Balmer-Etienne AG**
**Kauffmannweg 4**
**6003 Luzern**

_____

Adresse

SW-04452801/GVS    4/4

# UNABHÄNGIGKEITSERKLÄRUNG
# UND VERTRAULICHKEITSVEREINBARUNG
# FÜR EINEN GUTACHTER DES SCHIEDSGERICHTS

**Das Schiedsgericht**
Dr. Georg von Segesser, Vorsitzender
Dr. Arndt Overlack und Univ.-Prof. Dr. Paul Oberhammer, Mitschiedsrichter
Dr. Andrea Meier, juristische Sekretärin

im ICC-Verfahren Nr. **15362/JHN/GFG**
in Sachen

**Dr. Andreas Ringstmeier,**
in seiner Eigenschaft als Insolvenzverwalter über das Vermögen der
**AgfaPhoto GmbH i.L.,**
Brückenstrasse 21, DISCH-Haus
50667 Köln
Deutschland

**Kläger**

vertreten durch
Prof. Dr. Siegfried H. Elsing, Orrick, Herrington & Sutcliffe LLP,
Heinrich-Heine-Allee 12, 40213 Düsseldorf, Deutschland
sowie
Dr. Benedikt Burger, Orrick, Herrington & Sutcliffe LLP,
Friedrichstrasse 31, 60323 Frankfurt am Main, Deutschland


gegen


**Agfa-Gevaert N.V. & Co. KG,**
Kaiser-Wilhelm-Allee 1, 51373 Leverkusen, Deutschland

**Beklagte 1**

**Agfa-Gevaert Healthcare GmbH,**
Tegernseer Landstrasse 161, 81539 München, Deutschland

**Beklagte 2**

**Agfa-Gevaert Graphics Systems GmbH,**
Kasteler Strasse 45, 65203 Wiesbaden, Deutschland

**Beklagte 3**

**Agfa-Gevaert N.V.,**
Septestraat 27, 2640 Mortsel, Belgien

**Beklagte 4**

alle vertreten durch
Robert T. Greig und Aren Goldsmith, Cleary Gottlieb Steen & Hamilton LLP,
12, rue de Tilsitt, 75008 Paris, Frankreich
sowie
Thomas Buhl, Larry Work-Dembowski, Annett Rombach,
Cleary Gottlieb Steen & Hamilton LLP, Main Tower,
Neue Mainzer Strasse 52, 60311 Frankfurt am Main, Deutschland

SW-04452803/GVS                                                                         1/4

Case 1:14-mc-91289-PBS    Document 8-15    Filed 09/26/14    Page 10 of 34
ICC-Verfahren Nr. 15362/JHN/GFG
Unabhängigkeitserklärung und Vertraulichkeitsvereinbarung für einen Gutachter des Schiedsgerichts

Ich, Roland Furger, Balmer-Etienne AG, Kauffmannweg 4, 6003 Luzern, Schweiz, erkläre was folgt:

1.  Ich werde (voraussichtlich) Herrn Stephan Vollenweider bei seiner (allfälligen) Tätigkeit als vom Schiedsgericht zu ernennender/ernannter unabhängiger Gutachter ("Gutachter") im ICC Schiedsverfahren Nr. 15362/JHN/GFG unterstützen.

2.  Ich bin von allen Parteien dieses Schiedsverfahrens und von allen drei Schiedsrichtern * unabhängig und beabsichtige, dies zu bleiben; nach meinem besten Wissen existieren weder vergangene noch gegenwärtige Tatsachen oder Umstände, welche offengelegt werden müssen, da sie meine Unabhängigkeit in den Augen der Parteien oder des Schiedsgerichts in Frage stellen können.

3.  Ich habe die "IBA Guidelines on Conflicts of Interest in International Arbitration" gelesen und verstanden, und ich bin damit einverstanden, an diese gebunden zu sein.

4.  Ich habe den Entwurf des Auftrages an den Gutachter des Schiedsgerichts ("Gutachterauftrag") gelesen und verstanden.

5.  Ich anerkenne, dass das Schiedsgericht und die Parteien dieses Schiedsverfahrens die ausdrücklich beabsichtigten Begünstigten der Verpflichtungen sind, welche ich in dieser Vertraulichkeitsvereinbarung eingehe.

6.  Ich bestätige mein Verständnis, dass ich möglicherweise Zugang zu Dokumenten, welche als vertraulich bezeichnet werden ("Dokumente"), und zu gewissen Informationen im Eigentum von Parteien dieses Schiedsverfahrens oder von Einheiten, welche mit den Parteien zusammenarbeiten ("Informationen"), erhalten werde und dass dieser Zugang gemäss den Bestimmungen, Voraussetzungen und Einschränkungen des Gutachterauftrags und dieser Vertraulichkeitsvereinbarung zu erfolgen hat. Die Beschränkungen gemäss dieser Vertaulichkeitsvereinbarung hinsichtlich der Verwendung und Offenbarung von zur Verfügung gestellten Dokumenten und Informationen gelten auch für alle Mitarbeiter und Geschäftsführer der Balmer-Etienne AG, die mich bei der Erfüllung meiner Pflichten als Gutachter unterstützen.

7.  Während der Erfüllung meiner Verpflichtungen als Gutachter erkläre ich mich damit einverstanden:

    (i)  die Dokumente nicht preiszugeben und die Informationen nicht für irgendwelche andere Zwecke als die Erfüllung meiner Pflichten unter dem Gutachterauftrag und dieser Vertraulichkeitsvereinbarung zu verwenden;

    (ii) die Dokumente und Informationen an niemand anderen als das Schiedsgericht und nur zum Zwecke der Erstellung meines Gutachtens in diesem Schiedsverfahren in Übereinstimmung mit dem Gutachterauftrag und dieser Vertraulichkeits-vereinbarung preiszugeben und/oder zur Verfügung zu stellen;

* Die Balmer Etienne AG ist Revisionsstelle der Schellenberg Wittmer AG in Zürich. Die genannte Person ist jedoch nicht auf diesem Mandat tätig.

Case 1:14-mc-91289-PBS     Document 8-15     Filed 09/26/14     Page 11 of 34
ICC-Verfahren Nr. 15362/JHN/GFG
Unabhängigkeitserklärung und Vertraulichkeitsvereinbarung für einen Gutachter des Schiedsgerichts

(iii) meine Erwägungen und Ergebnisse wie auch alle resultierenden Empfehlungen an niemand anderen als das Schiedsgericht in Übereinstimmung mit dem Gutachterauftrag und dieser Vertraulichkeitsvereinbarung zu kommunizieren;

(iv) alle gebotenen Massnahmen zu ergreifen, um den Schutz aller Dokumente und Informationen vor einer im Rahmen dieser Vertraulichkeitsvereinbarung nicht erlaubten Offenbarung zu gewährleisten und sicherzustellen, dass alle Mitarbeiter und Geschäfts führer der Balmer-Etienne AG, die Zugang zu diesen Dokumenten und/oder Informationen erhalten, alle gebotenen Massnahmen ergreifen, um den Schutz aller Dokumente und Informationen vor einer im Rahmen dieser Vertraulichkeitsvereinbarung nicht erlaubten Offenbarung zu gewährleisten;

(v) entweder (a) alle in meinem Besitz oder im Besitz der Balmer-Etienne AG befindlichen Dokumente und Informationen nach Erfüllung meiner Verpflichtungen als Gutachter an das Schiedsgericht zurückzugeben oder (b) die Vernichtung aller in meinem Besitz oder im Besitz der Balmer-Etienne AG befindlichen Dokumente und Informationen nach Erfüllung meiner Verpflichtungen als Gutachter sicherzustellen und dem Schiedsgericht eine schriftliche Bestätigung einer solchen Vernichtung vorzulegen. Das Recht der Mitarbeiter und Geschäftsführer der Balmer-Etienne AG, Arbeitsunterlagen gemäss den Regeln und allgemein anerkannten Grundsätzen ihres Berufsstandes aufzubewahren, bleibt hiervon unberührt;

(vi) sicherzustellen, dass alle Mitarbeiter und Geschäftsführer der Balmer-Etienne AG sämtliche Rechtsvorschriften befolgen, die den Handel mit Anteilen oder Wertpapieren der Agfa-Gevaert N.V., einem börsennotierten Unternehmen, beschränken und die aufgrund der Tatsache, dass ich Zugriff auf Dokumente und Informationen erhalten werde, ggf. Anwendung finden.

8.    Die im vorstehenden Absatz 7 festgelegte Geheimhaltungspflicht sowie das Verwendungsverbot in Bezug auf ein Dokument oder eine Information finden keine Anwendung, falls und soweit ich nachweisen kann, dass das betreffende Dokument oder die betreffende Information vor der Offenbarung oder Verwendung durch mich oder einen Mitarbeiter oder Geschäftsführer der Balmer-Etienne AG (a) ohne mein Verschulden oder das Verschulden eines Mitarbeiters oder Geschäftsführers der Balmer-Etienne AG öffentlich bekannt war und (b) weder unmittelbar noch mittelbar über eine Partei oder einen Zeugen in diesen Verfahren oder über eine sonstige Quelle zu meiner Kenntnis oder der Kenntnis eines Mitarbeiters oder Geschäftsführers der Balmer-Etienne AG gelangt ist, hinsichtlich derer mir oder einem Mitarbeiter oder Geschäftsführer der Balmer-Etienne AG Balmer-Etienne AG bewusst war oder hätte bewusst sein müssen, dass das betreffende Dokument oder die betreffende Information einer Geheimhaltungspflicht und einem Verwendungsverbot unterliegt.

9.    Ich bin mir bewusst, dass ich auf dem ordentlichen Rechtsweg belangt werden kann, wenn ich die Bestimmungen dieser Vertraulichkeitsvereinbarung oder des Gutachterauftrags verletze.

10.   Diese Vereinbarung unterliegt deutschem Recht.

ICC-Verfahren Nr. 15362/JHN/GFG
Unabhängigkeitserklärung und Vertraulichkeitsvereinbarung für einen Gutachter des Schiedsgerichts

Luzern,     25. August 2014

---
Ort und Datum

Unterschrift

Roland Furger
---
Name in Blockschrift

ner-Etienne AG
auffmannweg 4
6003 Luzern

---
Adresse

almer-Etienne AG
Kauffmannweg 4
6003 Luzern

SW-04452803/GVS                                                                4/4

# UNABHÄNGIGKEITSERKLÄRUNG
# UND VERTRAULICHKEITSVEREINBARUNG
# FÜR EINEN GUTACHTER DES SCHIEDSGERICHTS

**Das Schiedsgericht**
Dr. Georg von Segesser, Vorsitzender
Dr. Arndt Overlack und Univ.-Prof. Dr. Paul Oberhammer, Mitschiedsrichter
Dr. Andrea Meier, juristische Sekretärin

im ICC-Verfahren Nr. **15362/JHN/GFG**
in Sachen

**Dr. Andreas Ringstmeier,**
in seiner Eigenschaft als Insolvenzverwalter über das Vermögen der
**AgfaPhoto GmbH i.L.,**
Brückenstrasse 21, DISCH-Haus
50667 Köln
Deutschland

**Kläger**

vertreten durch
Prof. Dr. Siegfried H. Elsing, Orrick, Herrington & Sutcliffe LLP,
Heinrich-Heine-Allee 12, 40213 Düsseldorf, Deutschland
sowie
Dr. Benedikt Burger, Orrick, Herrington & Sutcliffe LLP,
Friedrichstrasse 31, 60323 Frankfurt am Main, Deutschland


gegen


**Agfa-Gevaert N.V. & Co. KG,**
Kaiser-Wilhelm-Allee 1, 51373 Leverkusen, Deutschland

**Beklagte 1**

**Agfa-Gevaert Healthcare GmbH,**
Tegernseer Landstrasse 161, 81539 München, Deutschland

**Beklagte 2**

**Agfa-Gevaert Graphics Systems GmbH,**
Kasteler Strasse 45, 65203 Wiesbaden, Deutschland

**Beklagte 3**

**Agfa-Gevaert N.V.,**
Septestraat 27, 2640 Mortsel, Belgien

**Beklagte 4**

alle vertreten durch
Robert T. Greig und Aren Goldsmith, Cleary Gottlieb Steen & Hamilton LLP,
12, rue de Tilsitt, 75008 Paris, Frankreich
sowie
Thomas Buhl, Larry Work-Dembowski, Annett Rombach,
Cleary Gottlieb Steen & Hamilton LLP, Main Tower,
Neue Mainzer Strasse 52, 60311 Frankfurt am Main, Deutschland

ICC-Verfahren Nr. 15362/JHN/GFG
Unabhängigkeitserklärung und Vertraulichkeitsvereinbarung für einen Gutachter des Schiedsgerichts

Ich, Sabrina Cabiddu, Balmer-Etienne AG, Kauffmannweg 4, 6003 Luzern, Schweiz, erkläre was folgt:

1.  Ich werde (voraussichtlich) Herrn Stephan Vollenweider bei seiner (allfälligen) Tätigkeit als vom Schiedsgericht zu ernennender/ernannter unabhängiger Gutachter ("Gutachter") im ICC Schiedsverfahren Nr. 15362/JHN/GFG unterstützen.

2.  Ich bin von allen Parteien dieses Schiedsverfahrens und von allen drei Schiedsrichtern * unabhängig und beabsichtige, dies zu bleiben; nach meinem besten Wissen existieren weder vergangene noch gegenwärtige Tatsachen oder Umstände, welche offengelegt werden müssen, da sie meine Unabhängigkeit in den Augen der Parteien oder des Schiedsgerichts in Frage stellen können.

3.  Ich habe die "IBA Guidelines on Conflicts of Interest in International Arbitration" gelesen und verstanden, und ich bin damit einverstanden, an diese gebunden zu sein.

4.  Ich habe den Entwurf des Auftrages an den Gutachter des Schiedsgerichts ("Gutachterauftrag") gelesen und verstanden.

5.  Ich anerkenne, dass das Schiedsgericht und die Parteien dieses Schiedsverfahrens die ausdrücklich beabsichtigten Begünstigten der Verpflichtungen sind, welche ich in dieser Vertraulichkeitsvereinbarung eingehe.

6.  Ich bestätige mein Verständnis, dass ich möglicherweise Zugang zu Dokumenten, welche als vertraulich bezeichnet werden ("Dokumente"), und zu gewissen Informationen im Eigentum von Parteien dieses Schiedsverfahrens oder von Einheiten, welche mit den Parteien zusammenarbeiten ("Informationen"), erhalten werde und dass dieser Zugang gemäss den Bestimmungen, Voraussetzungen und Einschränkungen des Gutachterauftrags und dieser Vertraulichkeitsvereinbarung zu erfolgen hat. Die Beschränkungen gemäss dieser Vertaulichkeitsvereinbarung hinsichtlich der Verwendung und Offenbarung von zur Verfügung gestellten Dokumenten und Informationen gelten auch für alle Mitarbeiter und Geschäftsführer der Balmer-Etienne AG, die mich bei der Erfüllung meiner Pflichten als Gutachter unterstützen.

7.  Während der Erfüllung meiner Verpflichtungen als Gutachter erkläre ich mich damit einverstanden:

    (i)   die Dokumente nicht preiszugeben und die Informationen nicht für irgendwelche andere Zwecke als die Erfüllung meiner Pflichten unter dem Gutachterauftrag und dieser Vertraulichkeitsvereinbarung zu verwenden;

    (ii)  die Dokumente und Informationen an niemand anderen als das Schiedsgericht und nur zum Zwecke der Erstellung meines Gutachtens in diesem Schiedsverfahren in Übereinstimmung mit dem Gutachterauftrag und dieser Vertraulichkeits- vereinbarung preiszugeben und/oder zur Verfügung zu stellen;

* Die Balmer Etienne AG ist Revisionsstelle der Schellenberg Wittmer AG in Zürich. Die genannte Person ist jedoch nicht auf diesem Mandat tätig.

ICC-Verfahren Nr. 15362/JHN/GFG
Unabhängigkeitserklärung und Vertraulichkeitsvereinbarung für einen Gutachter des Schiedsgerichts

(iii) meine Erwägungen und Ergebnisse wie auch alle resultierenden Empfehlungen an niemand anderen als das Schiedsgericht in Übereinstimmung mit dem Gutachterauftrag und dieser Vertraulichkeitsvereinbarung zu kommunizieren;

(iv) alle gebotenen Massnahmen zu ergreifen, um den Schutz aller Dokumente und Informationen vor einer im Rahmen dieser Vertraulichkeitsvereinbarung nicht erlaubten Offenbarung zu gewährleisten und sicherzustellen, dass alle Mitarbeiter und Geschäfts führer der Balmer-Etienne AG, die Zugang zu diesen Dokumenten und/oder Informationen erhalten, alle gebotenen Massnahmen ergreifen, um den Schutz aller Dokumente und Informationen vor einer im Rahmen dieser Vertraulichkeitsvereinbarung nicht erlaubten Offenbarung zu gewährleisten;

(v) entweder (a) alle in meinem Besitz oder im Besitz der Balmer-Etienne AG befindlichen Dokumente und Informationen nach Erfüllung meiner Verpflichtungen als Gutachter an das Schiedsgericht zurückzugeben oder (b) die Vernichtung aller in meinem Besitz oder im Besitz der Balmer-Etienne AG befindlichen Dokumente und Informationen nach Erfüllung meiner Verpflichtungen als Gutachter sicherzustellen und dem Schiedsgericht eine schriftliche Bestätigung einer solchen Vernichtung vorzulegen. Das Recht der Mitarbeiter und Geschäftsführer der Balmer-Etienne AG, Arbeitsunterlagen gemäss den Regeln und allgemein anerkannten Grundsätzen ihres Berufsstandes aufzubewahren, bleibt hiervon unberührt;

(vi) sicherzustellen, dass alle Mitarbeiter und Geschäftsführer der Balmer-Etienne AG sämtliche Rechtsvorschriften befolgen, die den Handel mit Anteilen oder Wertpapieren der Agfa-Gevaert N.V., einem börsennotierten Unternehmen, beschränken und die aufgrund der Tatsache, dass ich Zugriff auf Dokumente und Informationen erhalten werde, ggf. Anwendung finden.

8.    Die im vorstehenden Absatz 7 festgelegte Geheimhaltungspflicht sowie das Verwendungsverbot in Bezug auf ein Dokument oder eine Information finden keine Anwendung, falls und soweit ich nachweisen kann, dass das betreffende Dokument oder die betreffende Information vor der Offenbarung oder Verwendung durch mich oder einen Mitarbeiter oder Geschäftsführer der Balmer-Etienne AG (a) ohne mein Verschulden oder das Verschulden eines Mitarbeiters oder Geschäftsführers der Balmer-Etienne AG öffentlich bekannt war und (b) weder unmittelbar noch mittelbar über eine Partei oder einen Zeugen in diesen Verfahren oder über eine sonstige Quelle zu meiner Kenntnis oder der Kenntnis eines Mitarbeiters oder Geschäftsführers der Balmer-Etienne AG gelangt ist, hinsichtlich derer mir oder einem Mitarbeiter oder Geschäftsführer der Balmer-Etienne AG Balmer-Etienne AG bewusst war oder hätte bewusst sein müssen, dass das betreffende Dokument oder die betreffende Information einer Geheimhaltungspflicht und einem Verwendungsverbot unterliegt.

9.    Ich bin mir bewusst, dass ich auf dem ordentlichen Rechtsweg belangt werden kann, wenn ich die Bestimmungen dieser Vertraulichkeitsvereinbarung oder des Gutachterauftrags verletze.

10.    Diese Vereinbarung unterliegt deutschem Recht.

SW-04452803/GVS                                                                                                3/4

ICC-Verfahren Nr. 15362/JHN/GFG
Unabhängigkeitserklärung und Vertraulichkeitsvereinbarung für einen Gutachter des Schiedsgerichts

_Luzern  25. August 2014_                   _S. Cabiddu_
Ort und Datum                               Unterschrift


_Sabrina  Cabiddu_
Name in Blockschrift


**Balmer-Etienne AG**
**Kauffmannweg 4**
**6003 Luzern**


Adresse

Beilage 5 zu Verfügung Nr. 47

## Krebser Nathalie

| | |
|---|---|
| **From:** | Vollenweider Stephan <stephan.vollenweider@balmer-etienne.ch> |
| **Sent:** | Freitag, 5. September 2014 10:16 |
| **To:** | von Segesser Georg |
| **Subject:** | WG: vertrauliche Information |

Hier noch die Bestätigung von Herrn Steger.

Freundliche Grüsse
Balmer-Etienne AG

Stephan Vollenweider
lic. oec. HSG
dipl. Wirtschaftsprüfer

Der Inhalt dieser E-Mail ist vertraulich und ausschliesslich für den bezeichneten Adressaten bestimmt. Wenn Sie nicht der vorgesehene Adressat dieser E-Mail oder dessen Vertreter sein sollten, so beachten Sie bitte, dass jede Form der Kenntnisnahme, Veröffentlichung, Vervielfältigung oder Weitergabe des Inhalts dieser E-Mail unzulässig ist. Wir bitten Sie, sich in diesem Fall mit dem Absender der E-Mail in Verbindung zu setzen.

# balmeretienne    UHY An independent member of UHY International

Balmer-Etienne AG
Stephan Vollenweider
Kauffmannweg 4
6003 Luzern

| | |
|---|---|
| Telefon: | +41 41 228 11 64 |
| Telefax: | +41 41 228 11 00 |
| E-Mail: | stephan.vollenweider@balmer-etienne.ch |
| Homepage: | www.balmer-etienne.ch |

**Von:** Johann Martin Steger [mailto:steger@k-m-z.de]
**Gesendet:** Mittwoch, 3. September 2014 14:03
**An:** Vollenweider Stephan
**Betreff:** AW: vertrauliche Information

Sehr geehrter Herr Vollenweider,

Ich kann gerne bestätigen, dass weder ich noch unser Haus mit den Prozessparteien bzw. den Prozessvertretern Konflikte hatten und auch mit der Thematik des Schiedsgerichtsverfahrens nicht direkt oder indirekt in Berührung waren.

Mit freundlichen Grüßen

Johann Martin Steger
Wirtschaftsprüfer

Tel. 07031/863-601  Fax 07031/863-699  E-mail steger@k-m-z.de



1

Kullen Müller Zinser Treuhand GmbH Wirtschaftsprüfungsgesellschaft Steuerberatungsgesellschaft
Amundsenstraße 6 - 71063 Sindelfingen - www.k-m-z.de

Geschäftsführer: Rainer Kullen, RA/StB, Dietrich Müller, Dipl.-Kfm., WP/StB, Dr. Wolfgang Zinser, WP/StB, Alfred Michelberger, Dipl.-Kfm., WP/StB, Johann Martin Steger, Dipl.-Volkswirt, WP/StB

Sitz: Sindelfingen, Amtsgericht - Registergericht - Stuttgart HRB 241719

Der Inhalt dieser E-Mail ist ausschließlich für den bezeichneten Adressaten bestimmt. Wenn Sie nicht der vorgesehene Adressat dieser E-Mail oder dessen Vertreter sein sollten, so beachten Sie bitte, dass jede Form der Kenntnisnahme, Veröffentlichung, Vervielfältigung oder Weitergabe des Inhalts dieser E-Mail unzulässig ist. Wir bitten Sie, sich in diesem Fall mit dem Absender der E-Mail in Verbindung zu setzen. Aussagen gegenüber dem Adressaten unterliegen den Regelungen des zugrundeliegenden Angebotes bzw. Auftrages, insbesondere den Allgemeinen Auftragsbedingungen und der individuellen Haftungsvereinbarung. Der Inhalt der E-Mail ist nur rechtsverbindlich, wenn er unsererseits durch einen Brief entsprechend bestätigt wird. Die Versendung von E-Mails an uns hat keine fristwahrende Wirkung. Wir möchten Sie außerdem darauf hinweisen, dass die Kommunikation per E-Mail über das Internet unsicher ist, da für unberechtigte Dritte grundsätzlich die Möglichkeit der Kenntnisnahme und Manipulation besteht.

UHY A member of UHY International, a network of independent accounting and consulting firms

**Von:** Vollenweider Stephan [mailto:stephan.vollenweider@balmer-etienne.ch]
**Gesendet:** Mittwoch, 3. September 2014 13:07
**An:** Johann Martin Steger
**Betreff:** vertrauliche Information

Sehr geehrter Herr Steger

Können Sie mir bestätigen, dass Sie beziehungsweise ihr Unternehmen keinerlei Konflikte mit den Prozessparteien und den Prozessvertreter haben und auch noch nie mit der Thematik dieses Schiedsgerichtsverfahren direkt oder indirekt in Berührung waren.

**Kläger:**
**Dr. Andreas Ringstmeier,**
in seiner Eigenschaft als Insolvenzverwalter über das Vermögen der
**AgfaPhoto GmbH i.L.,**
Brückenstrasse 21, DISCH-Haus
50667 Köln, Deutschland
                                                                                      **Kläger**

vertreten durch
Prof. Dr. Siegfried H. Elsing, Orrick, Herrington & Sutcliffe LLP,
Heinrich-Heine-Allee 12, 40213 Düsseldorf, Deutschland
sowie
Dr. Benedikt Burger, Orrick, Herrington & Sutcliffe LLP,
Friedrichstrasse 31, 60323 Frankfurt am Main, Deutschland

**Beklagte:**
**Agfa-Gevaert N.V. & Co. KG,**
Kaiser-Wilhelm-Allee 1, 51373 Leverkusen, Deutschland          **Beklagte 1**
**Agfa-Gevaert Healthcare GmbH,**
Tegernseer Landstrasse 161, 81539 München, Deutschland         **Beklagte 2**
**Agfa-Gevaert Graphics Systems GmbH,**
Kasteler Strasse 45, 65203 Wiesbaden, Deutschland              **Beklagte 3**
**Agfa-Gevaert N.V.,**
Septestraat 27, 2640 Mortsel, Belgien                          **Beklagte 4**

alle vertreten durch
Robert T. Greig und Aren Goldsmith, Cleary Gottlieb Steen & Hamilton LLP,
12, rue de Tilsitt, 75008 Paris, Frankreich
sowie
Thomas Buhl, Klaus Banke, Larry Work-Dembowski, Annett Rombach
und Dr. Mariel Dimsey, Cleary Gottlieb Steen & Hamilton LLP, Main Tower,
Neue Mainzer Strasse 52, 60311 Frankfurt am Main, Deutschland

Das Schiedsgericht setzt sich zusammen aus Univ.-Prof. Dr. Paul Oberhammer und Dr. Arndt Overlack als Mitschiedsrichter und Dr. Georg von Segesser als Vorsitzenden.

2

Danke für eine schnelle Antwort.

Beste Grüsse
Stephan Vollenweider

---

Der Inhalt dieser E-Mail ist vertraulich und ausschliesslich für den bezeichneten Adressaten bestimmt. Wenn Sie nicht der vorgesehene Adressat dieser E-Mail oder dessen Vertreter sein sollten, so beachten Sie bitte, dass jede Form der Kenntnisnahme, Veröffentlichung, Vervielfältigung oder Weitergabe des Inhalts dieser E-Mail unzulässig ist. Wir bitten Sie, sich in diesem Fall mit dem Absender der E-Mail in Verbindung zu setzen.

---

**balmeretienne**        **UHY** An independent member of UHY International

Balmer-Etienne AG
Stephan Vollenweider
Kauffmannweg 4
6003 Luzern

Telefon:     +41 41 228 11 64
Telefax:     +41 41 228 11 00
E-Mail:       stephan.vollenweider@balmer-etienne.ch
Homepage: www.balmer-etienne.ch

3

**Von:** Wahlen, Thomas [mailto:Thomas.Wahlen@UHY-Wahlen.de]
**Gesendet:** Freitag, 5. September 2014 10:01
**An:** Vollenweider Stephan
**Betreff:** AW: vertrauliche Information

Hallo Stefan, ich kann das fuer alle Firmen bestaetigen. Wenn Du noch eine Bestaetigung hinsichtlich der anderen deutschen UHY Firmen (Gesellschafter von UHY Deutschland) und deren Partner, die z. T. auch Vorstaende bei UHY sind, brauchst bitte lass es mich wissen. Dann muss ich eine Abfrage machen. Viele Gruesse Thomas

**Von:** Vollenweider Stephan [mailto:stephan.vollenweider@balmer-etienne.ch]
**Gesendet:** Friday, September 05, 2014 09:39 AM
**An:** Wahlen, Thomas
**Betreff:** AW: vertrauliche Information

Hallo Thomas

Kannst Du mir auch noch bestätigen, dass nicht nur Du sondern auch die Unternehmen an denen Du beteiligt bist (UHY Wahlen & Partner, Dr.Leyh... etc.) keine Konflikte mit den Prozessparteien und den Prozessvertreter haben und auch noch nie mit der Thematik dieses Schiedsgerichtsverfahren direkt oder indirekt in Berührung waren.

Gruss

Stephan

**Von:** Wahlen, Thomas [mailto:Thomas.Wahlen@UHY-Wahlen.de]
**Gesendet:** Mittwoch, 3. September 2014 13:44
**An:** Vollenweider Stephan
**Betreff:** AW: vertrauliche Information

Hallo Stephan, ja das kann ich betätigen. Ich kenne die beteiligten Firmen und Anwaelte nur vom namen her. Viele Grüße , Thomas

1

**Von:** Vollenweider Stephan [mailto:stephan.vollenweider@balmer-etienne.ch]
**Gesendet:** Wednesday, September 03, 2014 01:05 PM
**An:** Wahlen, Thomas
**Betreff:** vertrauliche Information

Hallo Thomas

Kannst Du mir bestätigen, dass Du beziehungsweise dein Unternehmen keinerlei Konflikte mit den Prozessparteien und den Prozessvertreter haben und auch noch nie mit der Thematik dieses Schiedsgerichtsverfahren direkt oder indirekt in Berührung waren.

**Kläger:**
**Dr. Andreas Ringstmeier,**
in seiner Eigenschaft als Insolvenzverwalter über das Vermögen der
**AgfaPhoto GmbH i.L.,**
Brückenstrasse 21, DISCH-Haus
50667 Köln, Deutschland

                                                                        **Kläger**

vertreten durch
Prof. Dr. Siegfried H. Elsing, Orrick, Herrington & Sutcliffe LLP,
Heinrich-Heine-Allee 12, 40213 Düsseldorf, Deutschland
sowie
Dr. Benedikt Burger, Orrick, Herrington & Sutcliffe LLP,
Friedrichstrasse 31, 60323 Frankfurt am Main, Deutschland

**Beklagte:**
**Agfa-Gevaert N.V. & Co. KG,**
Kaiser-Wilhelm-Allee 1, 51373 Leverkusen, Deutschland          **Beklagte 1**
**Agfa-Gevaert Healthcare GmbH,**
Tegernseer Landstrasse 161, 81539 München, Deutschland          **Beklagte 2**
**Agfa-Gevaert Graphics Systems GmbH,**
Kasteler Strasse 45, 65203 Wiesbaden, Deutschland          **Beklagte 3**
**Agfa-Gevaert N.V.,**
Septestraat 27, 2640 Mortsel, Belgien          **Beklagte 4**

alle vertreten durch
Robert T. Greig und Aren Goldsmith, Cleary Gottlieb Steen & Hamilton LLP,
12, rue de Tilsitt, 75008 Paris, Frankreich
sowie
Thomas Buhl, Klaus Banke, Larry Work-Dembowski, Annett Rombach
und Dr. Mariel Dimsey, Cleary Gottlieb Steen & Hamilton LLP, Main Tower,
Neue Mainzer Strasse 52, 60311 Frankfurt am Main, Deutschland

Das Schiedsgericht setzt sich zusammen aus Univ.-Prof. Dr. Paul Oberhammer und Dr. Arndt Overlack als Mitschiedsrichter und Dr. Georg von Segesser als Vorsitzenden.

Danke für eine schnelle Antwort.

Beste Grüsse
Stephan

Der Inhalt dieser E-Mail ist vertraulich und ausschliesslich für den bezeichneten Adressaten bestimmt. Wenn Sie nicht der vorgesehene Adressat dieser E-Mail oder dessen Vertreter sein sollten, so beachten Sie bitte, dass jede Form der Kenntnisnahme, Veröffentlichung, Vervielfältigung oder Weitergabe des Inhalts dieser E-Mail unzulässig ist. Wir bitten Sie, sich in diesem Fall mit dem Absender der E-Mail in Verbindung zu setzen.

**balmeretienne**          **UHY** An independent member of UHY International

Balmer-Etienne AG
Stephan Vollenweider
Kauffmannweg 4
6003 Luzern

Telefon:      +41 41 228 11 64
Telefax:      +41 41 228 11 00
E-Mail:       stephan.vollenweider@balmer-etienne.ch
Homepage: www.balmer-etienne.ch

Telefon:      +41 41 228 11 64
Telefax:      +41 41 228 11 00
E-Mail:       stephan.vollenweider@balmer-etienne.ch
Homepage: www.balmer-etienne.ch

Beilage 6 zu Verfügung Nr. 47

## Lebenslauf

## Persönliche Daten:

| | |
|---|---|
| Name: | Steger, Johann Martin |
| Adresse: | Im sonnigen Winkel, 71254 Ditzingen |
| Geburtsdatum: | 18.05.1955 |
| Familienverhältnisse: | verheiratet, 3 Kinder |
| Berufstitel: | Wirtschaftsprüfer/Steuerberater |

**Ausbildung:**   Studium der Volkswirtschaftslehre in Freiburg,

1981 Diplom-Volkswirt

1986 Steuerberater,

1989 Wirtschaftsprüfer

**Berufliche Tätigkeit:**   1992   Geschäftsführer der Kullen Müller Zinser Treuhand GmbH Wirtschaftsprüfungsgesellschaft und Steuerberatungsgesellschaft

1992   Seniorpartner in der Partnerschaftsgesellschaft Kullen Müller Zinser

1991   Geschäftsführer der Kullen Müller Zinser Steuerberatungsgesellschaft mbH in Chemnitz

Kontakt:   Tel. 07031 / 863 – 601
http://www.kullen-mueller-zinser.de
E-Mail: steger@k-m-z.de

Tätigkeitsschwerpunkte:   Internationales Steuerrecht
Unternehmensbewertung
Umwandlungen nach Handels- und Steuerrecht

Fremdsprachen:   Englisch, Französisch

Mitgliedschaften:   Institut der Wirtschaftsprüfer (IDW)

Institut für Erbrecht



# Lebenslauf

**Persönliche Daten:**

Thomas Wahlen
Partner. Rechtsanwalt, Fachanwalt für Steuerrecht,
Wirtschaftsprüfer.

Siegburger Straße 215, 50679 Köln
Telefon +49 (221) 36086 - 70
Telefax +49 (221) 36086 - 99
Thomas.Wahlen@UHY-Wahlen.de

**Beruflicher Werdegang:**

Studium der Rechtswissenschaft in Köln, München und
Bologna (1988-1992)

Erstes juristisches Staatsexamen in Bayern (1992)

Rechtsreferendariat in Köln

Zweites juristisches Staatsexamen (1995)

Zulassung als Rechtsanwalt  (1995)

Seit 1995 Mitarbeiter und seit 2002 persönlich haftender
Gesellschafter der Dr. Leyh, Dr. Kossow & Dr. Ott KG,
Wirtschaftsprüfungsgesellschaft
Steuerberatungsgesellschaft

Seit 1998 Partner der Partnerschaftsgesellschaft UHY
Wahlen & Partner Rechtsanwälte, Steuerberater,
Wirtschaftsprüfer, Köln

Seit 2001 Fachanwalt für Steuerrecht

Seit 2006 Geschäftsführer der Senator Treuhand GmbH
Wirtschaftsprüfungsgesellschaft

Bestellung zum Wirtschaftsprüfer (2008)

Seit 2011 Vorstand der UHY-Deutschland AG
Wirtschaftsprüfungsgesellschaft

Seit 2013 Mitglied im Board von UHY International

**Tätigkeitsschwerpunkte:**

Gesellschaftsrecht

Steuerrecht

Sanierungen

Erbrecht

Recht der Unternehmensnachfolge

Mergers & Acquisitions

Treuhandverwaltung geschlossener Fonds

Im Zusammenhang mit der Bearbeitung der o. g. Rechtsgebiete an der Schnittstelle zwischen den Professionen Steuern/Wirtschaftsprüfung/Recht kommt es immer wieder zum Bedarf von Unternehmensbewertungen in den verschiedenen Lebensphasen der betroffenen Unternehmungen, die abgestimmt nach den Vorgaben des IDW erledigt werden. in der jüngeren Vergangenheit sind z. B. Bewertungen von Immobilienfonds, Immobiliengesellschaften (ohne Fondsbindung), Maklerunternehmen, Zulieferbetrieben der Automobilbranche (Spritzguss, Extrusion, Gummi, Induktivhärten), Steuerberatungsgesellschaften durchgeführt worden.

**Sprachkenntnisse:**

Deutsch

Englisch

Beilage 7 zu Verfügung Nr. 47

## Kurzlebenslauf

Geburtsdatum: 20.10.1940
Geburtsort: Tamsweg/Salzburg

1956 – 1959 Raiffeisenverband Salzburg
1962 – 1967 Studium an der Hochschule für Welthandel
1968          Präsenzdienst
1969           Wirtschaftsprüfungsgesellschaft in Wien
1970 – 1978 Assistent an der Hochschule für Welthandel bzw.
              Universität Wien (bei Univ.-Prof. Erich Loitlsberger)
1978          Habilitation
1979 – 1985  Vorstand des Instituts für Wirtschaftspädagogik an der Universität Graz
1986 - 2009  Vorstand des Instituts für Revisions-, Treuhand- und Rechnungswesen an der
Universität Graz bzw. des Instituts für Unternehmensrechnung und Wirtschaftsprüfung.
1992 – 1994   Dekan der Sozial- und Wirtschaftswissenschaftlichen Fakultät der Universität
              Graz

Oktober 2009  Emeritierung

z.Z. Leiter der Arbeitsgruppe „Unternehmensbewertung" im Fachsenat für Organisation und
Betriebswirtschaft der Kammer der Wirtschaftstreuhänder
LV zur Unternehmensbewertung an der Universität Graz
Gastvortragender an der WU Wien
Seminare zur Unternehmensbewertung
Erstellung von Gutachten zur Unternehmensbewertung
Email: gerwald.mandl@sbg.at bzw. gerwald.mandl@uni-graz.at
Link: wirtschaftspruefung.uni-graz.at

**Publikationen (Auszug)**

Gegenüberstellung der neuen Fachgutachten IDW S 1 und KFS BW 1, in: RWZ 2006, S. 102-107 (gem. mit K. Rabel)

Unternehmensbewertung – Kommentare zum deutschen und österreichischen Fachgutachten n.F., in: Institut Österreichischer Wirtschaftsprüfer (Hrsg.): Wirtschaftsprüferjahrbuch 2006,  Wien 2006, S. 417 - 470 (gem. mit A. Egger, M. Klostermann)

Liquidation, in: Köhler, R./Küpper,H./Pfingsten, A. (Hrsg.): Handwörterbuch der Betriebswirtschaft, 6. Aufl., Stuttgart 2007, Sp. 1072 – 1081

Bewertung von ertragsschwache Unternehmen, in: Freidank, C./Lachnit, L./Tesch,J. (Hrsg.): Vahlens Großes Auditing Lexikon, München 2007, S. 433 – 435 (gem. mit A. Schrempf).

Unternehmensbewertung von wachstumsstarke Unternehmen, in: Freidank, C./Lachnit, L./Tesch, J. (Hrsg.): Vahlens Großes Auditing Lexikon, München 2007, S. 1501 – 1502 (gem. mit A. Schrempf).

Das neue Fachgutachten zur Unternehmensbewertung – Neuerungen und Auslegungsfragen, in: Institut Österreichischer Wirtschaftsprüfer (Hrsg.): Wirtschaftsprüferjahrbuch 2007,  Wien 2007, S. 281- 297 (gem. mit A. Egger, M. Klostermann)

Methoden der Unternehmensbewertung (Überblick), in: Peemöller (Hrsg.): Praxishandbuch der Unternehmensbewertung, 5. Aufl. Herne/Berlin 2009, S. 49-91 (gem. mit K. Rabel)

Steuern  in der Unternehmensbewertung in: Bertl u.a. (Hrsg.): Handbuch der österreichischen Steuerlehre, Band IV, 2. Aufl., Wien 2010 (gem. mit R. Bertl, E. Aschauer)

 Continuing Value (Fortführungswert in der Unternehmensbewertung, in: Bertl u.a. (Hrsg.): Bewertung in volatilen Zeiten, Wien 2010, S. 107-125

Damodaran`s Country Risk Premium: A Serious Critique, in: SSRN Working Paper Series, www.ssrn.com 2010 (gem. mit L. Kruschwitz, A. Löffler)

Damodaran´s Country Risk Premium – und was davon zu halten ist, in: WPg 2011, S. 167-178 (gem. mit L.Kruschwitz, A. Löffler)

Persönliche Steuern in der Unternehmensbewertung nach dem Standard KFS BW1, in: Seicht (Hrsg.): Jahrbuch für Controlling und Rechnungswesen 2011, S. 21-38 (gem. mit K. Rabel)

Methoden der Unternehmensbewertung (Überblick), in: Peemöller (Hrsg.): Praxishandbuch der Unternehmensbewertung, 5. Aufl. Herne/Berlin 2012, S. 49-91 (gem. mit K. Rabel)

Damodaran`s Country Risk Premium: A Serious Critique, in: B.Schwetzler/Chr. Aders (Hrsg.): Jahrbuch der Unternehmensbewertung 2012, Düsseldorf 2012, S. 157-170

Zwischenstand zur Überarbeitung des Fachgutachtens KFS BW1, in: Institut Österreichischer Wirtschaftsprüfer (Hrsg.): Wirtschaftsprüferjahrbuch 2013,  Wien 2013, S. 315-364, (gem. mit V. Purtscher, J. Baumüller)

Damodaran`s Country Risk Premium: A Serious Critique, in: Business Valuation Review 2013, S. 75 – 84 (gem. mit L. Kruschwitz, A. Löffler)

Anpassungen der auf Basis des CAPM ermittelten Risikozuschläge nach KFS BW1, in: E. Eberhartinger/ F. Fraberger/ K. Hirschler (Hrsg.): Rechnungswesen Wirtschaftsprüfung Steuern, Festschrift für Romuald Bertl, Wien 2012, S. 173-186

*Courtesy Translation*

---

**Procedural Order No. 47**

**Monday, September 22, 2014**

---

**The Arbitral Tribunal**

Dr. Georg von Segesser, Chairman
Dr. Arndt Overlack and Univ.-Prof. Dr. Paul Oberhammer, Co-arbitrator
Dr. Andrea Meier, Legal Secretary

In the ICC Proceeding No. **15362/JHN/GFG**

in the matter

**Dr. Andreas Ringstmeier,**
in his capacity as Insolvency Receiver over the assets of AgfaPhoto GmbH i.L.
**AgfaPhoto GmbH i.L.,**
Brückenstrasse 21, DISCH-Haus
50667 Cologne
Germany

**Claimant**

represented by
Prof. Dr. Siegfried H. Elsing, Orrick, Herrington & Sutcliffe LLP,
Heinrich-Heine-Allee 12, 40213 Düsseldorf, Germany
and
Dr. Benedikt Burger, Orrick, Herrington & Sutcliffe LLP,
Friedrichstrasse 31, 60323 Frankfurt am Main, Germany

versus

**Agfa-Gevaert GmbH,**
Am Coloneum 2, 50829 Köln, Germany                                    **Respondent 1**

**Agfa-Gevaert Healthcare GmbH,**
Tegernseer Landstrasse 161, 81539 Munich, Germany                     **Respondent 2**

**Agfa-Gevaert Graphics Systems GmbH,**
Kasteler Strasse 45, 65203 Wiesbaden, Germany                         **Respondent 3**

**Agfa-Gevaert N.V.,**
Septestraat 27, 2640 Mortsel, Belgium                                 **Respondent 4**

all represented by
Robert T. Greig and Aren Goldsmith, Cleary Gottlieb Steen & Hamilton LLP,
12, rue de Tilsitt, 75008 Paris, France
and
Thomas Buhl, Larry Work-Dembowski, Annett Rombach,
Cleary Gottlieb Steen & Hamilton LLP, Main Tower
Neue Mainzer Strasse 52, 60311 Frankfurt am Main, Germany

*Courtesy Translation*

ICC          Proceeding No. 15362/JHN/GFG          Proceeding No.  47          September 22,          2014
_____

### I.      APPOINTMENT OF BALMER-ETIENNE AG AS THE NEW EXPERT

1.      Following the failed appointment of Mr. Christian Hellbardt as the Expert, the Tribunal proposed eight auditing firms to the Parties as potential experts in its letter of June 16, 2014 and invited the Parties to submit any reasoned objections to being appointed by the Tribunal as an Expert for the tasks set forth in Procedural Order No. 43. To the extent the Parties did not submit any reasoned objections, an attempt was made to number the auditing firms according to preference. The Parties submitted their comments on July 8, 2014 (**Enclosure 1**).

2.      Each of the auditing firms proposed by the Tribunal was rejected by at least one of the Parties. Both Parties also rejected the respective expert candidates proposed by the counterparty. As there is now hardly an auditing firm to be found in Germany that is qualified to prepare the opinion and has not already been directly or indirectly involved in the case or rejected by at least one of the Parties for other reasons,  the Tribunal contacted Balmer-Etienne AG, Lucerne, Switzerland (hereinafter "Balmer-Etienne" or "the Expert") on August 14, 2014. After being informed of the names of the Parties and their representatives, Balmer-Etienne informed the Tribunal that no conflicts of interest exist of which it is aware, and that in the event of being appointed, Mr. Stephan Vollenweider would chiefly be responsible for preparing the opinion.

3.      To clarify the qualifications and independence of Balmer-Etienne in connection with the task in question, on August 19, 2014 the Tribunal sent it a catalog of questions, the Draft Terms of Reference (**Enclosure 2**) and Declarations of Independence and Confidentiality to be signed by the persons involved in preparing the opinion. In this regard the Tribunal also sent a list of the experts and auditing firms already involved in this arbitration or, to the extent of which the Tribunal is aware, who are participating in a parallel proceeding or working for any of the Parties in any other context (**Enclosure 3**). It requested Balmer-Etienne to disclose any pre-existing contacts forming the basis for any particular relationship.

4.      On the basis of the completed catalog of questions and the signed Declarations of Independence and Confidentiality (**Enclosure 4**) submitted to the Tribunal by Balmer-Etienne on August 28, 2014, the Tribunal has concluded that Balmer-Etienne is qualified and independent in regard to the appointment in question of preparing the opinion.

5.      In this regard the Tribunal instructed the Parties that Balmer-Etienne is working as a controller for the law firm of the Tribunals' Chairman, Schellenberg Wittmer AG, Zürich.  However, the individuals in charge of the controlling at Balmer-Etienne will not be involved in preparing the opinion. The Tribunal does not believe that there are any reasons to doubt the independence of Balmer-Etienne but considered it appropriate to disclose this circumstance for reasons of transparency.

6.      The Tribunal will therefore appoint Balmer-Etienne AG, Kauffmannweg 4, 6003 Lucerne, Switzerland, as the Expert assigned with the task of valuing the assets and liabilities of

SW-04462056

21/7

*Courtesy Translation*

ICC         Proceeding No. 15362/JHN/GFG         Proceeding No. 47         September 22,         2014
_____

AgfaPhoto GmbH at Contribution (November 1/2, 2004) at liquidation values in accordance with the acknowledged principles of valuation, to the extent the Parties do not submit any reasoned objections within 14 days of the service of this Order.

7.   Balmer-Etienne will appeal to the support of an independent German expert in regard to performing the valuation in accordance with German law and German standards. First in line are Messrs. Thomas Wahlen, UHY Wahlen & Partner, Gerbermühlstrasse 7, 60594 Frankfurt am Main, Germany and Johann Martin Steger, Kullen Müller Zinser Treuhand GmbH, Amundsenstrasse 6, 71063 Sindelfingen, Germany. According to Mr. Stephan Vollenweider, both candidates have confirmed to him that they, or their companies, have no conflicts with the Parties and their representatives, nor have they ever been directly or indirectly exposed to the issue involved in this arbitration  (**Enclosure 5**). The vitae of the above candidates are enclosed with this Order (**Enclosure 6**).

8.   Unless the Parties submit reasoned objections to the two candidates within 14 days of the service of this order, the Tribunal reserves the right to engage Dr. Gerwald Mandl (university professor emeritus), Tamsweg, Austria, as the expert for any issues regarding the valuation in accordance with German law and German standards. Curriculum vita and list of publications by Dr. Mandl are enclosed with this Order (**Enclosure 7**).

## II. PROCEDURE FOR APPOINTMENT OF THE NEW EXPERT AND PREPARATION OF THE OPINION

9.   In its letter of  June 30, 2014, the Tribunal responded to Respondent's letter of June 19, 2014, in which they requested the Tribunal to clarify several matters regarding the explanations provided in Procedural Order No. 46 of June 6, 2014. In their letter of July 8, 2014, Respondents stated that they had understood from the Tribunal's letter of June 30, 2014 that the Parties would later have opportunity to comment on the instructions issued to the Expert and on the Draft Opinion, and asked the Tribunal to confirm that the opportunity to comment would also include the topic of being bound by the Falckenberg opinion. In Respondents' view, the coming months would provide the opportunity for the Parties and their experts to prepare briefs addressing the relevance of the Falckenberg opinion to the new Expert's tasks.

10.  In its comments of July 24, 2014 on Respondents submission of July 8, 2014, Claimant pleaded that the Tribunal had clearly and unmistakably stated its opinion in regard to the further procedure and the Parties' opportunities to comment in connection with being granted the right to be heard. At this stage of the proceeding, substantive comments by the Parties would only concern legal issues. The Parties would also be granted the right to be heard in regard to the expert valuation by the Expert given that the draft of the liquidation opinion would be discussed in a hearing with the Expert and the Parties' experts. At this stage of the proceeding it was impossible to understand why Respondents saw the need to engage in a month-long process of the significance of the findings by the expert Falckenberg. In Claimant's view, Respondents are attempting to find a way through the back door to "fix" their liquidation

SW-04462056

31/7

| ICC | Proceeding No. 15362/JHN/GFG | Proceeding No. 47 | September 22, | 2014 |

opinion of May 31, 2013, which would mean either submitting a new, corrected opinion or subsequently maintaining that their – in Claimant's view – false opinion could also be upheld even if based on Falckenberg's findings and conclusions.

11. In their letter of July 31, 2014, Respondents made it clear that they do not intend to submit a new liquidation valuation and that their request of July 8, 2014 was under no circumstances intended to modify or go as far as to "fix" their opinion on the liquidation valuation submitted on May 31 and July 25, 2013.

12. The Tribunal herewith establishes at this juncture in regard to the intended appointment of Balmer-Etienne and the preparation of hte opinion that matters will generally proceed as usual and herewith refers in principle to the procedure foreseen in the considerations set forth in Procedural Order No. 43 of January 13, 2014. In regard to the opportunity for the Parties to comment on the new Expert's instructions in the Tribunal letter of June 30, 2014, the usual procedure was meant, with the usual procedure including the opportunity to comment on the Draft Terms of Reference. The Draft Terms of Reference served on Balmer-Etienne on August 19, 2014 are based on the Draft for Mr. Hellbardt's originally intended appointment as the Expert and were only amended to correctly reflect the further course of the proceedings. Each of the Parties has already had opportunity to comment on this Draft in their respective letters of February 5, 2014 and March 6, 2014. In light of these minor changes there is no occasion for granting a renewed opportunity to comment on the Draft Terms of Reference.

13. Once Balmer-Etienne is appointed as the Expert, the Tribunal will invite it, without the Parties' representatives, to negotiate the budget and schedule for the Expert engagement and additional conditions based on the Terms of Reference (scope of the documentation and consultation of further Experts). The Parties will be informed of the outcome of the negotiations. Once the new Expert has familiarized itself with the proceeding's files, it will define any legal issues, which the Tribunal will meet with the Expert to discuss and answer without prejudice. To the extent the Parties have not already stated their opinions on the legal issues discussed with the Expert to date, the Tribunal will decide on the timeframe for the Parties to have the opportunity to comment. The Expert will then prepare a Draft Opinion, as to which the Tribunal and the Parties will be able to submit questions and comments. These will be discussed together with the Draft Opinion in a hearing with the Parties, participated in by the Parties' experts, whereupon the Expert will prepare its Final Opinion, followed by the Parties' Post-Hearing Briefs.

14. In regard to the binding effect of the Falckenberg Report's conclusions for the new Expert, the Tribunal refers to the statements in its letter of June 30, 2014 and herewith reiterates that with exception of the relevance of the liquidation values it has yet to form any opinion of the valuation issues or the relevance of the further conclusions of the Falckenberg Report. In Procedural Order No. 43 of January 13, 2014 it was established that the Expert shall base its valuation of the liquidation values of the assets and liabilities of AgfaPhoto GmbH at Contribution on the recognized principles for performing valuations to determine liquidation value.

*Courtesy Translation*

ICC            Proceeding No. 15362/JHN/GFG            Proceeding No.  47            September 22,            2014
_____

15.    In light of these circumstances, the Tribunal agrees in principle with Respondent's submission that the new Expert, based on its own expertise and in reliance on the "recognized principles of liquidation valuation", should generally be entitled to decide as to which assumptions and conclusions made in the Falckenberg Report it assumes as a basis for its Opinion. Respondents' request in their letter of July 8, 2014 can also generally be granted for confirmation of the fact that the opportunity for the Parties to comment will include the extent to which the individual aspects of the findings by Mr. Falckenberg should be relevant to the preparation of the liquidation opinion.

16.    The Tribunal does, however, consider it advisable to allow the Expert to study the proceeding's files in advance, as stated previously in Procedural Order No. 43 of January 13, 2014. The new Expert should approach this task on a neutral basis for as long as possible without being exposed to the Parties' views beforehand. It would therefore – and also in regard to the appurtenant protraction of the proceeding – be rather inefficient and inappropriate if the relevance of the Falckenberg Report were to be addressed in briefs by the Parties and their experts in the upcoming months. In regard to the relevance of the Falckenberg Report findings, the Tribunal believes that it would be more expedient to proceed analogously with the clarification of any legal issues. In concrete terms this means that once having studied the proceeding's files, the Expert should formulate any questions it has about the Falckenberg Report or its handling of the Falckenberg Report, and should specify any points in regard to which it has a point of view differing from that of the Falckenberg Report. It should not be overlooked in this regard that the Falckenberg Report focused on examining the ability to continue operating as a going concern, while the new Expert's opinion will be on the valuation of the contribution-in-kind at liquidation value. The Tribunal will then meet with the new Expert to discuss these issues and without prejudice accordingly instruct the Expert. To the extent the Parties have not already commented in the proceeding to date on the issues discussed with the Expert, the Tribunal will decide when the Parties will be given opportunity to comment. The Parties will, however, at least have the opportunity to comment on the relevance of the Falckenberg Report conclusions in their comments on the Draft Opinion or in their Post Hearing Briefs, whereby the right to be heard will be adequately granted.

17.    At the juncture the Tribunal would once again like to remind the Parties of established procedure in light of the large number of unsolicited submissions by the Parties during the past few months. The Parties are of course not prevented from submitting further unsolicited briefs to the Tribunal in regard to the right to be heard. However, the Tribunal would like to point out to the Parties that according to established procedure it will not consider the arguments presented therein until the submission of the comments by the Parties on the Draft Opinion or in connection with the Post Hearing Brief. For the sake of clarity, the Tribunal reserves the right to request the Parties to once again summarize the arguments submitted in their unsolicited briefs, either in their comments on the Draft Opinion or in the Post Hearing Brief. For this reason, procedural efficiency would call for considering whether it might be advisable to leave these arguments for later and only submit them in the briefs referred to above.

SW-04462056

*Courtesy Translation*

ICC          Proceeding No. 15362/JHN/GFG          Proceeding No.  47          September 22,          2014

_____

### III. SUBMISSION OF DOCUMENTS TO THE NEW EXPERT

18.   In the submission of July 23, 2014, Claimant requested procedural guidelines from the Tribunal on how to proceed in connection with the documents issued by Respondents to Claimant based on Procedural Order No. 42 of October 25, 2013. Claimant expresses the view that of the documents issued to Claimant, the unredacted documents disclosed, including further details of the envisaged planning for closure within Agfa-Geveart of March 30/April 2, 2004 (referred to as the *Baseline* planning K-49/K-50) should be passed on to the new Expert. Respondents took the position in their letter of July 28, 2014 that Claimant's request served the sole purpose of influencing the Tribunal by way of misleading and contradictory characterizations. As opposed to the impression given by Claimant, the documents that were relinquished did not contain figures contradicting the documents previously existing in the files, but were based on data that was long familiar and did not vary in content. Furthermore, Respondents expressly rejected the desire by Claimant to only have a selection of the edited documents passed on to the Expert. The documents furnished to Claimant would have to be submitted to the Expert in full in order for the Expert to be able to judge the relevance of the individual documents itself. Claimant responded with arguments regarding the document production in an e-mail of August 1, 2014.

19.   As the documents in question are unredacted documents, which are already contained in the procedural files of this arbitration in redacted form as Exhibits K-49/K-50, the Tribunal sees no reason for why these documents should not be submitted to the new Expert at the appropriate time. In any event they should be submitted to the files. The new Expert will be capable itself of deciding on the relevance and substantive implications of the documents submitted to it in accordance with the recognized principles of determining liquidation values.

Based on the above explanations the Tribunal herewith issues the following

**Order:**

(1)   The Parties are invited to submit their reasoned objections to the appointment of Mr. Stephan Vollenweider, Balmer-Etienne AG, Lucerne and any consultation of Messrs. Thomas Wahlen, UHY Wahlen & Partner, Frankfurt am Main, and/or Johann Martin Steger, Sindelfingen and/or Dr. Gerwald Mandl, Tamsweg as independent experts, by October 6, 2014.

(2)   If the Parties do not submit any reasoned objections by October 6, 2014, the Tribunal will appoint Balmer-Etienne AG, Kauftmannweg 4, 6003 Lucerne, Switzerland, to be the Expert, engaging it to perform a valuation of the assets and liabilities of AgfaPhoto GmbH at liquidation values as at Contribution (November 1/2, 2004) in accordance with the acknowledged principles of valuation.

(3)   In agreement with Balmer-Etienne AG and in consideration of any reasoned objections by the Parties, the Tribunal will appoint one of the additional experts listed in paragraph (1) in regard to any valuation issues in accordance with German law and German standards.

SW-04462056

61/7

*Courtesy Translation*

ICC          Proceeding No. 15362/JHN/GFG          Proceeding No.  47          September 22,          2014
_____

(4)    The unredacted documents on the closure planning (Exhibits K-48/K-50) will be added to the procedural files.

(5)    With the permission and authorization of the Co-Judges, this Order has solely been signed by the Chairman.

(6)    This Order will be served on the Parties legal representatives, the Co-Judges, the Expert and the ICC by e-mail. The Parties are herewith requested to confirm the receipt of this Order by e-mail.


Frankfurt am Main, September 22, 2014


The Arbitral Tribunal

[*Signature*]

Dr. Georg von Segesser,
Chairman of the Arbitral Tribunal


Enclosure 1:     Parties' Comments of July 8, 2014

Enclosure 2:     Draft Terms of Reference of August 19, 2014

Enclosure 3:     List of Experts Involved in the Arbitration

Enclosure 4:     Letter of Balmer-Etienne AG of August 28, 2014 including Respondents

Enclosure 5:     Confirmation of Independence by Messrs. Johann Martin Steger and Themas Wahlen

Enclosure 6:     Curriculum vitae of Messrs. Johann Martin Steger and Themas Wahlen

Enclosure 7:     Curriculum vita and list of publications by Dr. Mandl


SW-04462056

71/7